NO. 7783.

WALLE & COMPANY, LIMITED

VS

V. S. DANTONI & CO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

------------------------

**7783**

------------------------

# O P I N I O N.

St. Paul, Judge.

Plaintiff offered to lithograph for defendants some thousands of vari-colored artistic labels in two sizes: and defendants accepted the offer delivered *able* so many thousands of each size monthly.

The evidence satisfies us that within about sixty days after the acceptance, plaintiff had finished and ready for delivery the whole quantity of the larger size, and within another thirty days the whole quantity of the smaller size: all of which defendant refused to receive as coming too late under the contract.

The evidence also satisfies us that the labels were furnished and ready for delivery as promptly as was practical in the lithographing trade.

The question then is whether _time_ was of the essence of the contract, and therefore what the parties intended by the provision for monthly deliveries.

Now it is well known that in the printing trade the main cost to the manufacturer is incurred before the work goes to the press, and this is ten-fold true of the lithographing trade. For instance, in this very case the evidence shows that for the _first_ five thousand (large) labels plaintiff asked $80, but was willing to furnish the next _fifteen_ thousand for only $70 additional. So that once the work and the

440

the press, the manufacturer's interest is to run off the greatest possible number of copies at one time.

But of course the consumer's interest lies in paying for the product only as he uses it· so that this clause about monthly deliveries meant nothing more than that defendant was not to have thrust upon him the whole order at one time, but only so many thousands per month, as he might need them; in other words this clause was intended to curtail deliveries not to hasten them, and hence cannot be strained into a requirement that deliveries should begin within thirty days after the contract was entered into, something shown to have been wholly impractical.

There is therefore nothing in this contract which required deliveries to begin at any particular time and we think, as the trial judge did, that they began within a reasonable time.

The judgment appealed from is therefore affirmed.

New Orleans, La, April 5th, 1920.